### In re KOLIN.

(Circuit Court of Appeals, Seventh Circuit. January 3, 1905.)

#### No. 1,101.

1. BANKRUPTCY—POWERS OF RECEIVER—PROPERTY IN POSSESSION OF ADVERSE CLAIMANT.

A receiver appointed on the filing of a petition in bankruptcy by creditors is not vested with the powers of a trustee, but is a mere custodian, and is without authority to take possession of property held and claimed adversely by a third party; and on a petition by an adverse claimant to recover property alleged to have been taken from his possession by the receiver without his consent, such issue is the only one properly before the court, the invalidity of his title being no defense, if such allegation is proved.

2. SAME.

Evidence *held* to sustain a finding that an adverse claimant was not in possession of property when it was taken into possession by a receiver for a bankrupt and that he asserted no claim to possession at the time.

Appeal from the District Court of the United States for the Northern District of Illinois, in Bankruptcy.

On November 6, 1903, certain creditors filed in the court below a petition for adjudication of bankruptcy against Kolin, and upon that day a receiver of the estate was appointed, who thereupon took possession of the property of the bankrupt. On November 14, 1903, Louis Tomsik, the appellant here, filed his petition in the bankruptcy proceeding, asserting that on November 5, 1903, Kolin for a valuable consideration sold to him a certain stock of wines, liquors, and cigars, then contained in the premises of the bankrupt, and also executed to him a lease for the period of 18 months, of the first floor of building No. 1515 on West Twelfth street, in the city of Chicago, the basement floor of buildings Nos. 1511 and 1515 on that street, and the summer or beer garden in the rear of such buildings, with the entrance thereto at No. 1513; that he took possession of the property and premises on that day, and that on the following day the receiver took possession of a portion of the premises demised, namely, the basements; and also took possession of the wines, liquors, and cigars contained in the basements, against the protest of the petitioner. And he prayed for an order redelivering possession.

On November 19, 1903, the receiver answered, asserting that, at the date stated, possession was taken of the property of the bankrupt contained on the premises described and occupied by him; denying Tomsik's right to any of the goods; asserting the bill of sale to be fictitious and executed by the bankrupt in fraud of his creditors; that possession of the property was taken with the consent of Tomsik and no claim by him thereto was asserted until several days thereafter. The bankrupt was the owner of 75 feet frontage on West Twelfth street, with a building thereon erected for a saloon, office, summer garden, and stock room. He was engaged in the business of a wholesale wine dealer, and had operated a portion of the building as a saloon and summer garden during the previous season. The premises in question were known as No. 1511 and No. 1515 West Twelfth street. No. 1511 was used by the bankrupt as an office, and had a basement in which was stored a portion of the stock of wine and liquor used by him in his wholesale wine business. No. 1515 was used by the bankrupt as a saloon up to the latter part of September, 1903, when it was closed because it did not pay to keep open. Between the saloon and office was the main entrance hall, opening from Twelfth street, and leading through a veranda surrounding the summer garden in the rear of the saloon and office. Beyond this garden was a rear building used as a stock room and opening by a door into the garden.

The referee, to whom the matter was referred, reported the evidence, and his conclusion thereon that the transfer to Tomsik was fraudulent as to the creditors of bankrupt and to the knowledge of Tomsik, and that the petition should be denied. Exceptions to the report were overruled by the court, the report approved, and the petition dismissed; from which order this appeal is taken.

Chas. Wolff, for appellant.
Geo. H. Peaks, for appellee.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

JENKINS, Circuit Judge. The cause was tried and determined below, and this without objection from either party, upon the question whether the alleged transfer to Tomsik was fraudulent. The court and the parties seem to have overlooked the ruling of this court in Booneville National Bank v. Blakey, 47 C. C. A. 43, 107 Fed. 891, that a receiver is a mere custodian of property taken from the possession

of the bankrupt until a trustee is appointed; that he does not exercise the powers of a trustee, and while he may take appropriate measures incident to the protection of the property in his custody, and, in case of perishable property may, under the direction of the court, sell the same when necessary, yet he is not authorized, nor can the bankruptcy court properly direct him, to take possession of property held and claimed adversely by third parties, or to institute actions for the recovery of property claimed to belong to the bankrupt's estate. Beach v. Macon Grocery Co., 53 C. C. A. 463, 116 Fed. 143. The petition of the appellant averred that the property in question was taken from his possession against his protest. The answer averred that possession was taken with the consent of Tomsik and that no claim was asserted by him at the time. The only issue properly before the court was, therefore, whether Tomsik was in possession of the property claiming ownership, and whether he consented to the taking of possession by the receiver. If he was in such possession, however fraudulent his title, the receiver had no right to take possession from him against his protest; otherwise, if he voluntarily surrendered possession to the receiver. The appellant is in no position to take advantage of the course pursued below, since the evidence upon the validity of the transfer was not only received without objection by him, but was in the first instance produced by him.

We are content to affirm the decree dismissing the petition, and upon the ground that the appellant failed to prove any such possession as the law requires, and that he made no claim to possession when possession was taken by the receiver, but, if he was possessed, voluntarily surrendered possession. The question is one purely of fact and it would serve no useful purpose to enter into a discussion of the conflicting evidence. The court below and the master have decreed the facts against the appellant. The master had the witnesses before him, saw their manner of testifying, and is better able to solve the riddle than we could upon this record. The affirmative was upon the appellant to sustain this petition by the preponderance of evidence. It is upon him here to show manifest error in the decree appealed from.

The rooms in this building communicated from the interior by two side doors, from the saloon into the hallway on the one side, and from the office into the hallway upon the other side. It was in fact but one building, used for a single business. The saloon part had been closed for over a month and its business suspended. The pretended sale was not consummated until the evening of the 5th of November, although on that day Tomsik procured a government license, but had not taken out a city license, and had also on that day purchased a small quantity of beer. There had been no change in the visible occupancy of the premises up to the time the receiver took possession. The outer doors of the saloon were closed and Kolin's sign on the exterior of the building remained unchanged. At the time the receiver entered for possession, at about 11 o'clock on the morning of the 6th, Kolin was absent. The doors of the saloon were locked and Tomsik was in the office of Kolin with the latter's bookkeeper. Tomsik told the receiver's representative that he was an employé of Kolin's, showed him around the premises, told him of the labor claims that Kolin owed, and said that

Kolin owed him $100. He let him into the saloon part and showed him how to lock the doors. He made no claim to the premises or property until some time after he had let the receiver in possession, when, having left the office for a short time, he returned with the bill of sale and lease. The evidence on the part of the receiver, which was credited by the master, showed that the saloon had not been opened for business by Tomsik or any one else. The witnesses stated that "it looked as if everything had been left there without being disturbed quite a while"; that the cash register stood on the counter, with a lot of whisky and beer glasses, the counter and glasses being covered with dust; that there was no evidence of any fresh beer having been drawn; that the front door of the saloon was locked. These are the facts found by the master, and we are unable to say that his finding is unwarranted by the evidence. Kolin remained ostensibly in full possession of the premises, maintaining his office and his residence there. We are fully persuaded that here was no such visible, notorious change of possession, or delivery of goods, as would avail against attaching creditors. A receiver or trustee stands in like plight with attaching creditors. The filing of the petition in bankruptcy "is a caveat to all the world, and, in fact, an attachment and injunction." Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405. The evidence establishes that, whatever was the possession of Tomsik, he voluntarily surrendered it to the receiver, and that therefore the latter's possession was rightful, whether the alleged sale was bona fide or fraudulent.

The decree will therefore be affirmed.