In re LEIGH.

## CHICAGO TITLE & TRUST CO. v. NATIONAL HOLLOW BRAKE BEAM CO.

(District Court, N. D. Illinois, E. D. November 4, 1913.)

No. 13,652.

1. BANKRUPTCY (§ 288*)— PREFERENCE—PAYMENT AFTER BANKRUPTCY—JURISDICTION OF COURT.

A payment, made by a bankrupt to a creditor on an execution from money belonging to his estate after the filing of the petition in bankruptcy against him and received by the creditor with knowledge of his insolvency and the proceedings, is recoverable as a preference, and the court of bankruptcy has jurisdiction to make a summary order for its return.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 447; Dec. Dig. § 288.*]

2. BANKRUPTCY (§ 140*)—LIABILITY OF ESTATE FOR TRUST FUND—EVIDENCE.

To charge a bankrupt estate with liability for a trust fund it must be clearly traced.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199, 219, 225; Dec. Dig. § 140.*]

In the matter of Edward B. Leigh, bankrupt. On review of order of referee for repayment of a preference by the National Hollow Brake Beam Company. Affirmed.

Gregory, Poppenhusen & McNab, of Chicago, Ill., for Chicago Title & Trust Co.

Randolph Laughlin, of St. Louis, Mo., for National Hollow Brake Beam Co.

SANBORN, District Judge. This is an application for review of an order made by the referee, directing that the beam company pay to the trustee the sum of $4,811.13, paid to the beam company by the bankrupt as a preference.

On June 28, 1906, a petition was filed seeking to have Edward B. Leigh adjudged a bankrupt. The petitioning creditors were Henry D. Laughlin, National Hollow Brake Beam Company, and I. Brooks Anderson. Thereafter in said cause Leigh was adjudicated a bankrupt, and the Chicago Title & Trust Company appointed trustee.

On May 8, 1906, in the case of National Hollow Brake Beam Co. v. Edward B. Leigh, in the superior court of Cook county, a decree was entered against Leigh and in favor of the beam company for the sum of $5,097. Upon that decree an execution was issued, and a levy made on certain real estate. This real estate was sold under said execution for $775, and the execution satisfied to that extent. Later it was discovered that Leigh had no title to this real estate, and thereupon an order was entered by said superior court setting aside the sale. From this order Leigh appealed, and gave a surety bond. To obtain this bond he deposited with the surety company a certificate of deposit for $775.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

On July 11, 1906, 13 days after the filing of the petition in bankruptcy herein, the sheriff of Cook county, Ill., acting for the National Hollow Brake Beam Company, the complainant in the aforementioned case, made a demand upon Leigh on said execution, and thereupon Leigh paid to said sheriff the sum of $4,811.13.

[1] The present proceedings were instituted by the trustee to secure to the estate, for the benefit of all of the creditors of Leigh, the said sum of $4,811.13, so paid under said execution.

The grounds upon which the trustee relies are:

(a) The payment was made after the filing of the petition in bankruptcy, and at a time when Leigh was insolvent. The levy of an execution by a petitioning creditor after the filing of the petition in bankruptcy is a contempt of court.

(b) The National Hollow Brake Beam Company had full knowledge of Leigh's insolvency, as prior to the payment upon execution it had subscribed and sworn to the petition for bankruptcy, alleging the insolvency of Leigh.

(c) The effect of the payment to the National Hollow Brake Beam Company of the sum of $4,811.13 was to prefer the beam company over the other creditors of Leigh, in that it obtained a larger percentage of its claim than the other creditors.

To sustain the allegations of the petition of the trustee, Edward B. Leigh, the bankrupt, was sworn and examined. His testimony, which has been forwarded to the court, shows that the money was paid by him out of salary due him from the Chicago Railway Equipment Company; that the money was never deposited in any bank, but the check of the equipment company was cashed and used in payment upon execution.

After a full hearing and argument before Referee Wean, an order was entered on June 24, 1909, directing the National Hollow Brake Beam Company to pay to the trustee the sum of $4,811.13 within 30 days, unless good and sufficient cause be shown within that time. Thereupon the beam company attempted to show why the nisi order should not be made absolute, and by its present counsel filed a brief, which is attached to the papers forwarded to the court, and in which brief all the points and authorities were cited. Sufficient cause not being shown, an order was entered on December 2, 1909, directing the payment of this sum to the trustee.

[2] It was claimed by counsel for the beam company that although the money paid it by Leigh on the execution was his own money, drawn by him from the equipment company as his salary as an officer of the latter company, yet the proof shows that the beam company had the equitable ownership of a larger sum, by reason of Leigh's possession of a trust fund belonging to the beam company, and therefore it should not be compelled to restore the execution money. The facts relating to the handling of this trust fund are quite complicated, and need not be stated, because the evidence does not clearly show that this fund is still in existence. The money which Leigh paid the beam company on the execution was not its money, but his own, which he had paid himself as salary. Nor does it sufficiently appear that

the trust fund, of which Leigh had control a long time before, was still in his hands. Not only is the evidence on this point vague, but the special master and referee have both found the contrary. So there is no just course except to affirm the referee's order, if the court has jurisdiction. The following decisions affirm the rule that a trust fund must be clearly traced: In re Marsh (D. C.) 116 Fed. 396; In re John Deere Plow Co., 137 Fed. 802, 70 C. C. A. 422; In re Acheson Co., 170 Fed. 429, 95 C. C. A. 597; In re Smith, Thorndyke & Brown Co. (D. C.) 159 Fed. 269; Id., 170 Fed. 900, 96 C. C. A. 76.

It is urged that the referee was without jurisdiction to direct the repayment, because the beam company was an adverse claimant, so that a plenary suit against it to recover the money was necessary. Since Leigh paid the execution 13 days after the filing of the bankruptcy petition, it is clear that a summary proceeding was proper. Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405; Bryan v. Bernheimer, 181 U. S. 188, 21 Sup. Ct. 557, 45 L. Ed. 814; In re Blum, 202 Fed. 883, 121 C. C. A. 241.

An order should be entered confirming the orders of the referee.