## In re BLUM.

### BLUM et al. v. HOUSER.

(Circuit Court of Appeals, Seventh Circuit. June 14, 1917.

No. 2378.

BANKRUPTCY ☞447—DECISION ON REVIEW—CONSTRUCTION.

On June 9th the referee made an order restraining the petitioners from transferring certain money. On June 30th he made another order requiring petitioners to turn over such money to the trustees. One of the petitioners sought to review and reverse both orders through separate petitions addressed to the District Court. Both petitions were heard at the same time, and but one order dated November 20, 1911, made "adjudging that the said orders dated June 9, 1911, and June 30, 1911, be, and the same are hereby, in all things affirmed." Thereafter petitioners secured a review by this court which adjudged that "the order or decree of the said District Court entered in this case November 20, 1911, be, and the same is hereby, reversed." *Held*, that the decree of this court vacated both orders.

Petition to Review and Revise Order made by the District Court of the United States for the Western District of Wisconsin.

In the matter of David Blum, bankrupt. Petition by David Blum and another against Walter L. Houser, trustee in bankruptcy, to review an order of the District Court confirming an order of the referee. Order vacated.

Andrew Gilbertson and Moritz Wittig, both of Milwaukee, Wis., for petitioners.

Richmond, Jackman & Owen, of Madison, Wis., for trustee.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

EVANS, Circuit Judge. A previous order of this court made in this bankruptcy matter when another order was reviewed, disposes of the only question now presented for determination.

Upon an involuntary petition being filed against the bankrupt, David Blum, and an adjudication in bankruptcy following, a reference was ordered and a trustee appointed. At the creditors' meeting, the bankrupt was examined in open court and the referee concluded that certain transfers had been made by the bankrupt to his wife in fraud of creditors. It further appeared that the wife disposed of the property so conveyed, and the proceeds were deposited in a bank in the city of Milwaukee.

Both petitioners were then present at the examination, and the referee made the following announcement:

"On the testimony so far before the referee, it seems to me that the $3,300 received by Mrs. Blum is the property of the bankrupt, David Blum. She is ordered not to use any of that money, not to use that money for any personal purpose, and that she be ordered to turn it over to the trustee in this matter forthwith."

On June 9, 1911, a formal written order was signed, the effect and intent of which was to embody therein the oral announcement of May 31st. That order reads as follows:

"Now, therefore, it is hereby ordered that David Blum and Nettie Levy Blum and their agents be and they are hereby enjoined and restrained from in any manner transferring or disposing of the sum of $3,300, being the money received from Joseph J. Schwartz and Bertha Schwartz, his wife, and being the proceeds of the sale of a certain moving picture house in Milwaukee, Wis., until the further order of this court. This order to take effect and be in force as of the 31st day of May, A. D. 1911."

Upon the same day an order was made requiring petitioners to show cause why the money realized by Nettie Blum from the sale of the moving picture business should not be immediately turned over to the trustee. Objection was made that the referee was powerless to pass upon the title to this money in a summary proceeding, but the objection was overruled, and an order bearing date June 30, 1911 was made, the essential part being as follows:

"Second, it is ordered that the said Nettie Levy Blum and David Blum forthwith turn over to the said Walter L. Houser, in his capacity as trustee in the estate of David Blum, bankrupt, the sum of $3,000, being the amount

of money originally invested in the moving picture business in Milwaukee, Wis., by the said David Blum, and which said investment was returned and paid on or about the 16th day of May, A. D. 1911, by Joseph Schwartz."

The petitioner Nettie Blum sought to vacate both orders above quoted through separate petitions to review and revise, addressed to the District Court. Both petitions were heard at the same time, and but one order was made, the material part of which was as follows:

"The review of the orders of the referee, dated June 9, 1911, and June 30, 1911, coming on to be heard and argued by counsel, in consideration whereof, and upon the record in this matter, it is adjudged that the said orders dated June 9, 1911, and June 30, 1911, be, and the same are hereby, in all things affirmed.

"Dated November 20, 1911."

Thereupon the petitioner Nettie Blum secured a review by this court of the order made on November 20th, with the result that such order was reversed and vacated. See opinion of this court in 202 Fed. 883, 121 C. C. A. 241.

The trustee thereafter assailed the transfer from husband to wife in a plenary action wherein a money judgment was sought in an amount equal to the sum realized from the sale of the moving picture business referred to in the foregoing orders. The action was tried before the court and a jury, and judgment was rendered in favor of the trustee, and against the petitoners herein for $3,875.78. Upon the marshal returning the fieri facias wholly unsatisfied, proceedings were instituted before the referee, resulting in an order the validity of which is challenged by this proceeding to review and revise.

After failing to collect its judgment against the petitioners, trustee applied to the referee for an order directing petitioners to pay over the amount of money in their possession May 31, 1911, that was realized from the sale of the moving picture business. This application was based upon the oral order of May 31st, followed by the written order of June 9th, which it was claimed had remained in force unmodified from the date of its entry.

Petitioners opposed the trustee's application, and therein asserted among other claims, that this order of June 9th had been vacated by this court in the proceedings heretofore referred to, and the referee was powerless to enforce it. The referee overruled the petitioners' answer, and ordered them to answer to the merits within five days. On review, this order was confirmed by the District Court, and it is this last order that is now under consideration.

The order here in question must be sustained, if at all, upon respondent's claim that the original order of June 9th was not vacated by this court. In other words, it must be conceded that, if the order of June 9th was vacated by this court on the previous hearing, then the order under present consideration must be vacated.

The order attacked in this court on the previous hearing was the order of November 20th, heretofore set forth, which order particularly confirmed not only the order of June 30th, but also the order of June 9th. The direction of this court in respect thereto was as follows:

"The decree of the District Court must be reversed, with directions to vacate the same and release further jurisdiction of the summary proceeding."

The mandate of this court is as follows:

"On consideration whereof it is now ordered, adjudged, and decreed by this court that the order or decree of the said District Court entered in this case November 20th, 1911, be, and the same is hereby reversed with costs; and that the said District Court vacate same and release further jurisdiction of the summary proceeding."

Both the order of June 9th and the order of June 30th were made in a summary proceeding.

Respondent admits that the decree of this court vacated and set aside the order of the referee bearing date June 30th. No reason is advanced and none is apparent why the order of this court vacating the order of the District Court bearing date November 20th should vacate the order of the referee made on June 30th, and not vacate the order of June 9th. There can be no escape from the conclusion that this court on the previous hearing vacated the order of the District Court made on November 20th, which in turn vacated the orders of the referee made on June 9th and on June 30th.

It follows, therefore, that the order of April 3, 1916, here under consideration must be vacated, and the proceedings before the referee to enforce the order of June 9th dismissed.

It is so ordered.