## MORRIS v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. March 4, 1919. Rehearing Granted June 30, 1919. Opinion Refiled October 7, 1919.)

No. 2460.

PERJURY ⟲➾11(2)—MATERIALITY OF TESTIMONY.

On petition to a court of bankruptcy for restoration of property, which was in petitioner's possession under claim of ownership prior to the bankruptcy, and was unlawfully taken from it by a receiver, the question in issue is petitioner's right to restoration of possession, and not his ownership, as against bankrupt, and perjury cannot be predicated on false testimony going to the latter question, which, if raised, is immaterial.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Criminal prosecution by the United States against Michael Morris. Judgment of conviction, and defendant brings error. Reversed.

⟲➾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Jacob F. Grossman, for plaintiff in error.

Chas. F. Clyne and John E. Madigan, both of Chicago, Ill., for the United States.

Before BAKER, MACK, and EVANS, Circuit Judges.

EVANS, Circuit Judge. Plaintiff in error, convicted of subornation of perjury, attacks the verdict because unsupported by the evidence, and urges that the false testimony related to an immaterial issue in a bankruptcy proceeding.

The jury was amply warranted in finding that false statements were willfully and knowingly made by several witnesses and that plaintiff procured such witnesses to so testify. But to make out a case of perjury another element must be established. The government must show the false testimony was relevant to a material issue in controversy. We are therefore confronted with an inquiry into what were the triable issues presented by the petition in support of which this false testimony was given.

It appears upon the hearing in the bankruptcy matter that petitioner secured an assignment of bankrupt's stock of goods some four days before an involuntary petition in bankruptcy was filed; that a properly drawn and duly executed bill of sale was delivered by the bankrupt to the petitioner at the time of the transfer, which bill of sale was duly and promptly recorded; that the petitioner, immediately upon receiving the transfer instrument, entered into and continued in possession of ·the stock of goods up to the time he was forcibly dispossessed thereof by the receiver, during all of which time he asserted title in himself and denied the right of the receiver to the possession; that after being forcibly dispossessed of the property he filed a petition in the District Court, praying for the return of his goods. Upon the hearing on this petition, to which no answer was interposed, witnesses were sworn and falsely testified that a full cash consideration passed from the petitioner to the bankrupt at the time of the execution of the bill of sale.·

Were these statements in reference to the payment of cash for the stock of goods within the triable issues presented by the petition? Under a practice now too well settled to be disturbed, save through congressional action, one in possession and claiming title to property obtained from a bankrupt prior to an adjudication in bankruptcy cannot be dispossessed or have title to the property adjudicated in a summary proceeding against his objection. Babbitt v. Dutcher, 216 U. S. 102, 30 Sup. Ct. 372, 54 L. Ed. 402, 17 Ann. Cas. 96; In re Kolin, 134 Fed. 557, 67 C. C. A. 481; Blum v. Houser, 202 Fed. 883, 121 C. C. A. 241; Benjamin et al. v. Central Trust Co., 216 Fed. 887.

Viewing the facts from any angle, the receiver exceeded his authority in forcibly taking possession of the stock of goods. Grant that the conveyance was a preference and voidable, still petitioner was entitled to a trial of the issues upon which preference must be determined, and in a plenary action. He was entitled to the prayer of his petition, to wit, the return of the goods, without showing that any present consideration passed at the time of the transfer. Allegations, inserted ex industria,

alleging these facts, were surplusage. They were immaterial to the determination of petitioner's right to the only relief sought.

Nor did petitioner, thus unlawfully dispossessed of the property, waive his right to a trial in a plenary action by appearing in the bankruptcy court and demanding a return of his goods. His petition tendered no issue of title, but only a question of a right to possession. On this issue it was proper to ascertain whether petitioner held possession for the bankrupt or under a claim of title in himself. It was the existence of the claim of title rather than the merits of the claim that was determinable on this hearing. Upon this issue it was immaterial whether the consideration which moved to the bankrupt was a present or a past one. Either was sufficient to support an asserted claim of title, which, in turn, when accompanied by possession prior to bankruptcy, was sufficient to entitle petitioner to the possession of the property.

We see no escape from the conclusion that the false statements constituting the basis of the government's claim of perjury were immaterial to the triable issues raised by the petition in support of which the testimony was given. It is unnecessary for us to consider the effect of other pending applications upon which a single hearing might have been held; for it was admitted on the oral argument that the petition, heretofore considered, was the only matter before the court for determination when this false testimony was given.

The judgment is reversed.