## In re MARCUSE & CO.

(Circuit Court of Appeals, Seventh Circuit. January 14, 1926.)

Nos. 3471–3474, 3524–3527.

**1. Bankruptcy ⟜482(3).**

Allowance of reasonable attorney's fee to petitioning creditors, under Bankruptcy Act, § 64b (Comp. St. § 9648), is not a matter of discretion, but one of right.

**2. Bankruptcy ⟜81(1).**

Creditors' petition against partnership should name all its members, as partnership is not insolvent unless members are also insolvent.

**3. Bankruptcy ⟜474—Legal services in sustaining allegations of membership in bankrupt partnership allowable from estate, if proviso harmonizing statement with purpose of Bankruptcy Act, § 64b (Comp. St. § 9648), be added.**

Legal services in sustaining allegations of membership in partnership in creditors' petition against it for adjudication are allowable from estate, if proviso harmonizing statement with purpose of Bankruptcy Act, § 64b (Comp. St. § 9648), be added.

**4. Bankruptcy ⟜474—Legal services in unsuccessful effort to establish membership of solvent persons in bankrupt partnership not recoverable against estate.**

Fees for services of petitioning creditors', receiver's, and intervening petitioner's attorneys in effort to establish membership of solvent individuals in partnership adjudicated bankrupt are not recoverable from bankrupt estate.

**5. Bankruptcy ⟜114(1).**

Receiver in bankruptcy is a statutory receiver (Bankruptcy Act, § 2 [Comp. St. § 9586]), and no practice, however general, can supersede or override statutory provision.

11 F.(2d)—33

**6. Bankruptcy ⟜114(1)—Receiver's duties relate to care, handling, and disposition of bankrupt's property, but he may not take sides as litigant in controversy between creditors and one denying membership in partnership.**

Duties of receiver in bankruptcy relate to care, handling, and sometimes disposition of bankrupt's property, and in matter involving partnership he may take possession of firm's and individual members' property, as to which there is no controversy, but cannot take sides as litigant in controversy, between creditors and one denying membership in partnership.

**7. Bankruptcy ⟜482(1)—Receiver cannot recover attorney's fees for services in effort to establish membership of solvent persons in bankrupt partnership.**

As receiver in bankruptcy is not authorized to participate in litigation involving liability of solvent persons denying membership in bankrupt partnership, he cannot recover from estate fees for services of attorneys in effort to establish such membership.

**8. Bankruptcy ⟜482(3)—"Petitioning creditors, entitled to attorney's fee include all creditors petitioning for adjudication and supplemental or intervening petitioners seeking consistent relief (Bankruptcy Act, §§ 59f, 64b [Comp. St. §§ 9643, 9648]).**

"Petitioning creditors," as used in Bankruptcy Act, § 64b (Comp. St. § 9648), authorizing one reasonable attorney's fee to them, includes all creditors petitioning for adjudication, or seeking relief consistent with original petition by supplemental or intervening petition, in view of section 59f (section 9643).

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Petitioning Creditor.]

Petitions to Review and Revise and Appeals from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

In the matter of Marcuse & Co., bankrupt. Order (4 F. [2d] 814) refusing to grant further sums for attorney's fees, and petitioning creditors, intervening creditors, and receiver separately appeal and petition to review and revise. Affirmed.

Henry H. Kennedy, Julius Moses, Hamilton Moses, Walter Bachrach, and S. Sidney Stein, all of Chicago, Ill., for Harold Lachman and Central Trust Co. of Illinois.

Horace Kent Tenney, of Chicago, Ill., for respondent Clara K. Hecht and others.

George T. Buckingham and Stephen E. Hurley, both of Chicago, Ill., for respondent Studebaker Bros., Limited.

Milton J. Foreman and David Blumrosen, both of Chicago, Ill., for respondents Vette and Zuncker.

Before ALSCHULER, EVANS, and ANDERSON, Circuit Judges.

EVAN A. EVANS, Circuit Judge. Marcuse & Co., a partnership, was duly adjudged a bankrupt. In the course of the administration of the estate, petitioning creditors, intervening creditors, and the receiver, who was appointed prior to the adjudication and served until a trustee was thereafter selected, each asked the court to make allowances for attorney's fees and direct their payment out of the estate. From an order refusing to grant any further sums than already had been allowed and paid, separate appeals and petitions to review and revise were taken, and they supply the subjects for our present inquiry.

The general nature of the controversy out of which the claims arose need not be stated in detail. The facts may be found in the opinions filed in Re Marcuse (C. C. A.) 281 F. 928, and Giles v. Vette, 44 S. Ct. 157, 263 U. S. 553, 68 L. Ed. 441. For the purpose of this appeal it is sufficient to say that the firm's liabilities were very large (estimated at from $4,000,000 to $7,000,000) and accrued through transactions with the brokerage firm of Marcuse & Co.

The articles of copartnership of this company recognized two of the partners, Marcuse and Morris, as general partners. Financially they were irresponsible. Two other individuals, Hecht and Finn, both of substantial financial responsibility, were recognized as limited partners. Hecht and Finn, however, were but the representatives of themselves and others, Vette, Zuncker, Regensteiner, and Studebaker, all men of large financial responsibility. These articles of copartnership, though drawn and signed before July 2d, were not filed with the county clerk until that day. On the preceding day, the Illinois Limited Partnership Act of 1874 (Rev. St. 1874, c. 84, §§ 1–23) was repealed and the so-called Uniform Limited Partnership Act (Laws Ill. 1917, p. 569) was substituted. Under this latter act, limited partnerships were not permitted to engage in the brokerage business.

The services for which compensation is here sought were rendered prior to an adjudication in bankruptcy, in an effort to fasten upon the so-called limited partners and those whom they represented the liabilities of general partners. The request for additional attorney's fees will be considered from the standpoint of (a) petitioning creditors; (b) the receiver; (c) intervening creditor Lachman.

(a) The court allowed and directed the payment of $10,000 to attorneys for petitioning creditors. The District Judge before whom the instant petitions were heard, said: "An allowance of $10,000 has been made to attorneys for petitioning and intervening creditors. Having in mind the outcome of the litigation carried on to charge the special partners as general partners, and the facts shown at this hearing relative to the amended petition of April 30, 1920, which was the basis for the entry of the order of July 1, 1920, the allowance already made is sufficient in any view of the questions of law involved. Whether that amount is more than should have been allowed is a question which I shall not consider. The order has been made, and I shall not review it."

Attorney's fees for counsel representing petitioning creditors in the Supreme Court were, however, disallowed. The order of the court recited: "That the claims for attorney's services in the attempt to subject the property of the alleged special partners to administration by the bankruptcy court are not proper charges against the fund in the hands of the receiver or trustee herein."

[1] Section 64b of the Bankruptcy Act (Comp. St. § 9648) reads: "The cost of administration, * * * and one reasonable attorney's fee, for the professional services actually rendered, irrespective of the number of attorneys employed, to the petitioning creditors in involuntary cases, to the bankrupt in involuntary cases while performing the duties herein prescribed, and to the bankrupt in voluntary cases, as the court may allow."

The allowance of such a fee is not a matter of discretion but one of right. In re Curtis, 100 F. 784, 41 C. C. A. 59. While authorizing the allowance of such fees, this section also prescribes the limitations on such authority. Until adjudication, the contest is between the creditors and the bankrupt. The adjudication, in and of itself, is a finding in favor of petitioning creditors, and the resulting estate, being the product of petitioning creditors' efforts, is chargeable with a reasonable attorney's fee.

It seems reasonable to conclude that the attorney's fees for petitioning creditors, of which the Congress was speaking, related to attorney's fees incurred in litigation, the object and purpose of which was to sustain the allegations of the petition and the entry of an order of adjudication.

Was this the object of the litigation here under consideration?

[2] Ordinarily, the creditors' petition presents four issues of fact: Residence of bankrupts; insolvency of bankrupts; act or acts of bankruptcy; size, character, and number

of petitioning creditors' claims. The instant case presented but one controverted issue of fact, insolvency. A partnership is not insolvent, unless both the partnership and the individual members are insolvent. Francis v. McNeal, 33 S. Ct. 701, 228 U. S. 695, 57 L. Ed. 1029, L. R. A. 1915E, 706. The petition should therefore, in case it is filed against a partnership, name all the individual members of the partnership.

[3] If such allegations of membership in a partnership are properly inserted in the petition of the creditors, legal services rendered in sustaining the allegations are allowable out of the estate. But there must be added to this statement a proviso that will bring it into harmony with the purpose of section 64b of the act.

[4] The membership of the partnership is material in the present argument only as it bears upon the issue of solvency. Bearing in mind that services rendered are to sustain the allegations of insolvency and to secure an order of adjudication, it follows that an allegation that X. is a member of the partnership may have an important bearing on the issue of solvency. If the issue of insolvency is decided against petitioner, obviously no fees can be paid out of the estate of the bankrupt. We say "obviously," because there is no bankrupt estate from which payment can be made, and certainly the victorious party should not be required to pay the solicitor's fees of the defeated party. It would follow, then, that if the attorney's fees cannot be paid when the issue is decided against petitioning creditors, they likewise must be denied when rendered in an effort to sustain an issue (X.'s membership in the partnership) that would, if established, defeat the allegation of insolvency. The mere fact that the creditors were defeated in their efforts, and as a result the insolvency of Marcuse & Co. appeared, does not affect the character of the legal services, so far as this statute, which provides for their allowance out of the bankrupt estate, is concerned.

The attorneys for petitioning creditor occupied an unusual position. If their efforts had been successful in the Supreme Court, and these five responsible individuals had been held as partners, their clients, the creditors, would have been paid in full; but the bankruptcy proceedings would have failed, and the petition of the petitioning creditors dismissed. The attorneys are to be commended for taking the course most advantageous to their clients, but in doing so they sacrificed their right to compensation out of the bankrupt's estate, the existence of which they sought through these proceedings to defeat.

(b) The specific questions arising out of the request for additional attorney's fees for the receiver may be presented thus: Is it a part of the receiver's duties to participate in the contest between the creditor and the bankrupt in an attempt to fasten a partner's liability upon one who denies he is a partner? Would the answer to the above question be affected if it further appeared that the establishment of such a status would make the partnership solvent instead of insolvent?

[5] The duties and the status of a receiver appointed in a bankruptcy matter are defined by the statute. Section 2 of the Bankruptcy Act (Comp. St. § 9586) provides: "The courts of bankruptcy * * * are hereby vested * * * with such jurisdiction at law and in equity as will enable them to * * * (3) appoint receivers or the marshals, upon application of parties in interest, in case the courts shall find it absolutely necessary, for the preservation of estates, to take charge of the property of bankrupts after the filing of the petition and until it is dismissed or the trustee is qualified." The receiver is a statutory receiver, and no practice, however general, can supersede or override this statutory provision.

[6] The receiver contends that he was endeavoring to take possession of the partnership assets, and to do so he was required to litigate the question of who were partners. The holdings of this court are against appellant's position. Boonville Nat. Bank v. Blakey, 107 F. 891, 47 C. C. A. 43; In re Kolin, 134 F. 557, 67 C. C. A. 481; In re Hill Co., 159 F. 73, 86 C. C. A. 263. Quoting from In re Kolin, supra, the court says: "He is not authorized, nor can the bankruptcy court properly direct him, to take possession of property held and claimed adversely by third parties, or to institute actions for the recovery of property claimed to belong to the bankrupt's estate."

Whether there are exceptions to the rule thus announced we need not determine, but can confine our attention to the question of the propriety of the receiver engaging in a contest to hold one as a partner who denies he is a member of the partnership. In fact, we might add that the duty of the receiver to possess himself of the property concededly belonging to the bankrupt carries with it the duty to take prompt and active steps, when necessary, to prevent bankrupt or his confederate from irretrievably depleting the bankrupt's estate. Indeed, the appointment of a

receiver may be justified on no other ground than to prevent the consummation of such plans by the bankrupt.

The problem of the court in appointing receivers is a practical one, and depends upon the situation disclosed in each case. Unfortunately, the ingenuity of certain minds, prompted to action by avarice and cupidity, has been such as to call for the pronouncement of general rules only, the application of which must depend upon the facts existing in each individual case. In some jurisdictions, however, there is a marked tendency to confuse the duties of a receiver and a trustee, and to assume that the powers of the receiver and likewise his duties are coextensive with those of the trustee.

It may not be amiss to make again a statement of the receiver's status and his duties. He is a statutory receiver, appointed only when it is "absolutely necessary." He is not a partisan, with power to back one litigant against the other with the assets of the estate. Until the adjudication occurs, the contest is one between the creditor and the bankrupt.

As between these two contending litigants, the receiver is a neutral. His duties relate to the care and handling, and sometimes the disposition, of property which concededly belongs to the bankrupt, and he has ordinarily no justification for engaging in a controversy with one who claims adversely to him—a party in possession of property and asserting a title adverse to him. He is, of course, not barred from attempting to recover the possession of property held by one whose claims are merely colorable. In a matter involving a partnership, he may take possession of the property of the firm and of the individual members concerning which there is no controversy. He is, however, outside his duties when, in a controversy between creditors and one denying he is a member of the partnership, he allows himself to be drawn to one side or the other as a litigant.

[7] Answering the second question above propounded, little need be said. The reasons which have been assigned for refusing allowance of attorney's fees to petitioning creditors may also be given for refusing attorney's fees for the receiver when such services are rendered in an effort to establish a status which would, if successful, result in the dismissal of the bankruptcy proceedings. It follows that, inasmuch as the receiver was without authority to participate in the litigation involving the partnership liability of these men, there should be no allowance against the estate of attorney's fees for such services.

[8] The Bankruptcy Act contemplated a speedy and economical administration of the bankrupt's estate, so that creditors might be treated equally. It would have been intolerable to allow attorney's fees to each and every creditor who filed a petition, a supplementary petition, or an intervening petition against the bankrupt. Congress, therefore, provided that but "one reasonable attorney's fee, * * * irrespective of the number of attorneys employed," would be allowed. This fee was for "petitioning creditors."

Arguing that Lachman was an *intervening* rather than a *petitioning* creditor, it is contended for him that he should receive compensation, as his petition resulted in the enrichment of the estate through the payment into court of some $50,000. There are two answers to this contention. First, the term "petitioning creditors," as used in section 64b, includes Lachman. We recognize that the term "petitioning creditors" is nowhere defined in the act, but it is provided in section 59f, being Comp. St. § 9643, that "creditors other than the original petitioners may at any time enter their appearance and join in the petition."

Considering its purpose and scope, we think that the term petitioning creditors, as used in section 64b, includes all creditors who petition the court to have the partnership duly adjudged a bankrupt, as well as those who, by supplemental petition or by intervening petition, seek relief consistent with the original petition. The record in the present case well illustrates the necessity of such a construction. The number of creditors ran into the thousands. Petitions were filed daily, the relief sought being to either join with the original petitioning creditors or to secure relief consistent with that sought in the original petition.

Lachman asked that "the receiver be directed to take and hold for the benefit of the creditors of the estate of Marcuse & Co. all of the property and assets of the members of the copartnership, Marcuse, Morris, Finn, and Hecht." As a result of his petition, the receiver was directed to employ his counsel, and through such counsel the receiver sought to obtain possession of the property, not only of the four alleged members above named, but of the other alleged individual members of this partnership.

The second reason why the intervening petitioner's request for attorney's fees must be denied lies in the reasons heretofore assigned for denial of compensation for attor-

ney's fees of petitioning creditors. Lachman was seeking to fasten the partnership liabilities upon individuals who, if they were members of the partnership, would have made it solvent, instead of insolvent.

The decree is affirmed.