## In re SMITH.

District Court, S. D. New York. February 29, 1928.

Leubuscher, Kayser & Oliver and Max Rockmore, all of New York City, for alleged bankrupt.

Harry Weinberger, of New York City, for receiver.

GODDARD, District Judge. This is a motion to dismiss a petition in bankruptcy filed against Morton A. Smith by the receiver of the alleged bankrupt, Produce Purveyors, Inc., who was appointed in an involuntary proceeding, and which has not yet been adjudicated.

The ground urged for permitting the receiver of the Produce Purveyors, Inc., to file the petition in bankruptcy against Smith, is the necessity of conserving his assets for the benefit of Produce Purveyors, Inc., of which Smith was an officer, and to whom it is alleged Smith is indebted.

Section 59b of the Bankruptcy Act (Act July 1, 1898, c. 541; 11 USCA § 95(b) provides:

"Three or more creditors who have provable claims against any person which amount in the aggregate, in excess of the value of securities held by them, if any, to $500 or over; or if all of the creditors of such person are less than twelve in number, then one of such creditors whose claim equals such amount may file a petition to have him adjudged a bankrupt."

In the case at bar, it appears that there are less than twelve creditors, so that one "creditor" may file the petition. However, a creditor under the Bankruptcy Act of 1898, 30 Stat. 565, § 1(9), 11 USCA § 1(9), is defined:

"(9) 'Creditor' shall include any one who owns a demand or claim provable in bankruptcy, and may include his duly authorized agent, attorney, or proxy."

A receiver in bankruptcy is not the owner of the claim, and certainly not before adjudication could he be regarded as the agent, attorney, or proxy of the alleged bankrupt. The receiver takes no title to the property; he is merely a custodian. Upon the election of the trustee, the bankrupt's title vests in the trustee as of the date of adjudication. In re Zotti (C. C. A.) 186 F. 84, Ann. Cas. 1914A, 240; In re Michaelis & Lindeman (D. C.) 196 F. 718; In re Larkkey (D. C.) 214 F. 867.

In Boonville National Bank v. Blakey, 107 F. 891, involving the question whether a receiver in bankruptcy can maintain suit to recover the amount of a preferential payment made by the debtor prior to the bankruptcy, Judge Jenkins, of the Circuit Court of Appeals, Seventh Circuit, stated:

"We fail to find any provision in this law which sanctions the bringing of a suit by a receiver to recover a preferential payment to a creditor. Such a right does not come within the purpose for which a receiver is authorized, and is neither expressly nor impliedly sanctioned. * * * The receiver or marshal is, in the contemplation of the act, merely the temporary custodian selected to take possession of visible property liable to waste, and to conserve it until the trustee shall be selected by the creditors. * * * We think we should do violence to both the letter and the spirit of the act to enlarge the functions of a mere temporary custodian, and to construe the law as vesting him with functions, powers, and duties which are clearly not contemplated by the act."

See, also, In re Kolin (C. C. A.) 134 F. 557; Guaranty Title & Trust Co. v. Pearlman (D. C.) 144 F. 551; In re Marcuse & Co. (C. C. A.) 11 F.(2d) 513.

The petition must be dismissed for the foregoing reasons, so that it is unnecessary to consider the proposed amendment, as such amendment would not tend to cure the vital defect in the petition.

Motion to dismiss petition is granted.