## In re WAGNER.
## In re MOREA BARBER SHOPS, Inc.

District Court, S. D. New York.
Jan. 7, 1933.

Milbank, Tweed, Hope & Webb, and Samuel Ross Ballin, all of New York City, for Robert F. Wagner, as receiver of the Lincoln Building, etc.

GODDARD, District Judge.

An involuntary petition in bankruptcy has been filed by Robert F. Wagner, as receiver of the state court, against the Morea Barber Shops, Inc., and the question arises whether the petitioner is "a creditor" as defined by the Bankruptcy Act. The material facts alleged are as follows:

On January 6, 1932, the Honorable Robert F. Wagner was appointed receiver of the premises known as the Lincoln building on East 42nd street, this city, and of the rents, issues, and profits thereof, in a mortgage foreclosure action in the Supreme Court of the state of New York, county of New York, and duly qualified as such receiver and took possession of the premises and ever since has been and now is acting as such receiver. In February, 1930, and in March, 1930, the owner of the Lincoln building entered into leases with the Morea Barber Shops, Inc., for space in the Lincoln building beginning May 1, 1930, and terminating on April 30, 1951, at an annual rental totaling $23,000 payable in equal monthly installments in advance on the first day of the month during said term. The Morea Barber Shops, Inc., entered into pos-

session of the premises and still occupies them, and that subsequent to his appointment, the said Morea Barber Shops, Inc., duly attorned to your petitioner as landlord of said premises. That there is now due from the tenant $38,291.28 for unpaid rent and electricity, refrigeration, repairs, materials, and supplies furnished, a substantial part of this having accrued since the appointment of the receiver. It is also alleged that the creditors of the Morea Barber Shops, Inc., are less than twelve in number.

The right of the petitioner to file this petition in bankruptcy depends upon whether he is a "creditor" within the meaning of section 1, subdivision 9, of the Bankruptcy Act, 11 USCA § 1(9) which states: "(9) 'Creditor' shall include anyone who owns a demand or claim provable in bankruptcy and may include his duly authorized agent, attorney, or proxy."

The order appointing the receiver provided as follows: "That the receiver be and he hereby is authorized and directed to demand, collect and receive from any and all persons in possession of the said premises or any part or parts thereof or any other person or persons liable therefor, all rents, issues and profits now due and unpaid or which hereafter may become due upon the said premises, and also all other charges of a nature heretofore payable to the defendant Lincoln Forty-Second Street Corporation in connection with or arising out of use and occupancy of said premises, and to institute and carry on legal proceedings for the recovery of any interest; and that the tenants or persons as may be in possession or may hereafter come into possession thereof, be and they hereby are directed to attorn as such tenant or tenants to the said receiver, and, until further order of the court, to pay over to such receiver all rents/and/or other charges of the nature above referred to now due and unpaid or that may hereafter become due upon said premises; without prejudice, however, to the right of the. plaintiff herein by an amended complaint to seek to foreclose the interest of any lessee in said mortgaged premises, or of the receiver, pursuant to further order of this court, to demand of any lessees or other persons occupying said mortgaged premises the fair value of the use and occupancy thereof."

The Civil Practice Rules, rule 175, further provides: "Unless restricted by the special order of the court, every receiver of the property of a debtor may sue for and collect all the debts, demands and rents belonging to

such debtor. He may sue also in the name of the debtor, where it is necessary or proper for him to do so; and, without notice, he may apply for an order that the tenants of any real property belonging to the debtor shall pay the rents and profits thereof to the receiver."

And section 1414, subd. 8, of the Civil Practice Act provides that the receiver of a landlord may institute dispossess proceedings for nonpayment of rent when authorized by the court, and under section 1425 of the act, such a receiver may recover a judgment for the rent due to him as well as a final order for the possession of the premises.

No case directly in point has been submitted to me, nor have I, in the time available, found any in the books. In the case of In re Smith (D. C.) 32 F.(2d) 386, I held that a receiver in bankruptcy was not such a creditor as to bring him within the purview of section 1, subd. 9, of the Bankruptcy Act, 11 USCA § 1(9), for the reason that the receiver in bankruptcy was a mere custodian and having no title to the property, title vesting in the trustee as of the date of the adjudication. In the case of Hibel Fur Co. v. Strongin (C. C. A.) 33 F.(2d) 30, it was held that a receiver in equity appointed by the United States District Court might institute involuntary proceedings in bankruptcy because under the New York General Corporation Law (Consol. Laws N. Y. c. 23), § 232, title to the property is vested in him upon his qualifying as receiver.

Notwithstanding the receiver does not have title to the real estate and while a different situation may exist as to his precise rights and interest .in unpaid rent and the debts already due at the time of his appointment, I think it is clear that in respect to his claim (more than $500) for electricity, supplies, etc., which he furnished to the tenant and his claim for rent (more than $500) which accrued after his appointment and the attornment to him, he has the necessary title and interest to constitute him a "creditor" under the Bankruptcy Act. The conclusion that the receiver has sufficient title and interest in such debts to enable him to institute involuntary bankruptcy proceedings when deemed necessary for. the collection of debts due him, is confirmed by the Rule of the Civil Practice Act quoted above and the order appointing the receiver, he being thus authorized to collect and sue for rent and other charges arising out of the use and occupancy of the premises and to institute dispossess proceedings, and to carry on legal proceedings for the recovery of rents and other charges.