## HEAD et al. v. BRAINARD.

(Circuit Court of Appeals, Ninth Circuit. April 20, 1925. Rehearing Denied May 25, 1925.)

No. 4383.

**1. Judgment ⬚⟹725(3)—Adjudication adverse to claimants in ancillary bankruptcy proceedings held conclusive as to title of bankrupt's estate in trustee's action against claimants for conversion.**

District Court's order, in ancillary bankruptcy proceedings, confirming report of the master that title to certain property was in bankrupt, and was not held by claimants in good faith, or under color of title, and that possession of property belonged to ancillary receiver, *held* an adjudication that title to the property was in bankrupt estate, conclusive as to title in trustee's subsequent action against such claimants to recover value of property alleged to have been converted by claimants, notwithstanding challenge to jurisdiction of court in ancillary proceedings by reason of claimants' assertion of title, since question raised by challenge to jurisdiction could not be decided without adjudication as to whether claim was in good faith and with legal foundation.

**2. Bankruptcy ⬚⟹304—Instruction on value held warranted by evidence.**

In action by trustee in bankruptcy for conversion of stock of merchandise and fixtures, instruction on value of property *held* warranted by evidence.

5 F.(2d)—19

**3. Bankruptcy ⬚⟹282—Nonpayment of fee by foreign corporation held no defense in trustee's action for conversion of property on theory that property was taken while in constructive possession of court.**

In action by trustee in bankruptcy of foreign corporation for value of property on theory that property while in constructive possession of court was unlawfully taken from ancillary receiver and converted by defendants, nonpayment of fee by corporation under Or. L. § 6886, prohibiting maintenance of action in state by foreign corporation which has not paid fee, *held* no defense.

Ross, Circuit Judge, dissenting.

In Error to the District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

Suit by G. W. Brainard, trustee in bankruptcy of the Pacific Co-operative League Stores, bankrupt, against E. R. Head and others. Judgment for plaintiff, and defendants bring error. Affirmed.

This was a suit by the trustee in bankruptcy of the estate of Pacific Co-operative League Stores, a corporation, bankrupt, against Head, the Modern Cash Store, and others, to recover the value of a stock of merchandise and fixtures at La Grande, Or., alleged to have been converted by defendants. Trial, and verdict in favor of the trustee.

Upon the trial the trustee, to support his complaint, introduced the pleadings, orders, and reports of a special master in ancillary bankruptcy proceedings of the Pacific Co-operative League Stores which had been brought in the United States District Court for the District of Oregon, to obtain possession of the stock of goods and fixtures heretofore referred to, from Head, the Modern Cash Store, and the others, defendants in the present action. In the ancillary proceedings the issue was whether or not the defendants were holding the property under a mere pretense of color of title and in bad faith. In the record of those proceedings, in reply to an order to show cause, if any they could, why the property referred to held by them should not be turned over to the ancillary receiver, Head and the others appeared and answered, claiming to hold the property adversely under claim of title. The court referred the matter to a special master to take testimony and to recommend whether or not the claim made by Head and others to the stock of goods and fixtures was made in good faith and under colorable title. The master found that Head and the others held in bad faith under mere pretense and that title was in the Pacific Co-operative League

Stores. The District Court confirmed the report of the master and held that the possession of the property belonged to the ancillary receiver and was not held by claimants in good faith nor under color of title, and that since the date of filing and serving the petition for order to show cause, the larger part of the property had been disposed of, so that "the said property as it existed at the date of the filing of said petition was not in the possession of said above-named claimants, having been disposed of in whole or in part by them or on their behalf." The court then referred the matter back to the special master to determine the value of the property at the date of the taking of possession thereof by the defendants. The master reported the value. Head and others excepted to the report and moved to modify the order of the court which had been previously made by discharging Head and two others from liability and to allow the Modern Cash Store to deliver the property that they then had as a compliance with the previous court order. The judge modified the order by revoking so much thereof as had sent the matter back to the special master to determine the value of the property. He also declined to confirm the finding of the master as to the value of the property, on the ground that the court could not make a determination of that matter in the summary proceeding. The court, however, refused to make further modification, taking the view that the property or a large portion thereof was not then in possession of Head and the others, but had been disposed of by them since the order to show cause had been made.

Over objections by defendants below, the court ruled that the ownership of the property had been adjudicated in the bankruptcy proceeding, and that the only question involved in this plenary action was the value of the property.

With respect to that question the trustee introduced in evidence a motion and affidavits in support thereof, which had been filed by Head and the Modern Cash Store and others, in the ancillary bankruptcy proceedings, heretofore referred to, wherein Head and others had asked for an order directing the ancillary receiver to accept, in lieu of the property determined by the court to have been withheld by them, certain other property then tendered. The affidavits which Curtis, Head, and others had filed set forth that the value of the property at the time of the bankruptcy proceedings, turned over by the defendants to the Modern Cash Store,

was $4,080.02. The affidavits also set forth the value of the goods on hand at the time of the filing of the motion and tender to the trustee. No testimony was offered by the defendants. The court treated the statements of affiants as admission of value, and directed the jury to find for the plaintiff and against the defendants for $4,080.02, with interest. Judgment was entered, motion for new trial was overruled, and writ of error was sued out by Head, Modern Cash Store, a corporation, and two others.

E. R. Ringo and Cochran & Eberhard, all of La Grande, Or., for plaintiffs in error.

Sidney Teiser, of Portland, Or., for defendant in error.

Before ROSS, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge (after stating the facts as above). Plaintiffs in error contend that the District Court made no decision upon the question of title and was without power to make such determination in the present action; that the trustee could not maintain this action; that it was error for the court to refuse to permit defendants below to prove ownership of the property and to direct a verdict in favor of plaintiff below.

[1] In our opinion the court by its order of confirmation of the master's report in the ancillary bankruptcy proceedings adjudged that the bankrupt estate had title to the property in question, and that the claimants thereto, who were these plaintiffs in error, did not hold the property by right or assertion of right made in good faith. No steps to review that order in the summary proceedings were taken by Head and others affected. There was a challenge by the respondents in the ancillary proceedings to the jurisdiction, but that step did not oust the court of jurisdiction, or do more than to impose upon it the duty to cite claimants to show cause why they should not yield possession of the property to the trustee, and to inquire whether the claim of title was genuine and adverse and made in good faith. Cohen v. Hessel (C. C. A.) 278 F. 929. Repeated decisions have recognized the obvious proposition that before jurisdiction of the District Court can be ousted by mere assertion of title by a claimant, there must be a hearing and a decision whether the claim interposed is in good faith and real, or is without actual merit or legal foundation. If the decision is the one way, the bankruptcy court should decline to try the issue summarily; but if it be decided that the claim is wholly

without merit and is not filed in good faith, then the court has power to make an order requiring the wrongful holder to surrender to the trustee and to direct administration. In re Eilers Music House (C. C. A.) 270 F. 917, certiorari denied 257 U. S. 613, 646, 42 S. Ct. 53, 55, 66 L. Ed. 397, 414. In Taubel, etc., Co. v. Fox, 264 U. S. 426, 44 S. Ct. 396, 68 L. Ed. 770, the court held that under the act of 1898 the bankruptcy court had power to adjudicate, without consent, controversies concerning the title arising under either sections 67e, 60b, or 70e (Comp. St. §§ 9651, 9644, 9654), where the property was in possession of the court, but that while possession was essential to jurisdiction, it need not be actual, but was sufficient if constructive, and in giving several instances wherein the court might exercise jurisdiction, Justice Brandeis includes those "where the property is held by one who makes the claim, but the claim is colorable only." The court also held that as the bankruptcy court must have power to determine whether it has possession, actual or constructive, "it may conclude, where it lacks actual possession, that the physical possession held by some other persons is of such a nature that the property is constructively within the possession of the court." Myers v. International Trust Co., 263 U. S. 64, 44 S. Ct. 86, 68 L. Ed. 165, also has a bearing. There the trust company entered its appearance in an application for discharge filed by Myers Bros., claiming that Myers Bros. had obtained a loan from the trust company upon a materially false statement. The District Court discharged the bankrupts upon the ground that the statement was not materially false, but was true. Subsequently the trust company sued Myers Bros. for damages for deceit in having obtained credit upon false statements of their financial condition. The trust company obtained judgment against Myers Bros. Upon the trial, evidence of the record of the proceedings in the bankruptcy court in the matter of the discharge was offered as evidence of estoppel by judgment against the plaintiff therein as to the fact of falsity, and the trial court excluded the record. The Supreme Court reversed the judgment, holding that the trust company was estopped, as between itself and the bankrupts, in respect of the relevant facts determined in the controversy exactly as if the proceeding in opposition to the composition and discharge had been an ordinary civil suit by it against them. Applying that ruling to the present case, by the introduction of the record of proceedings in the bankruptcy court upon the question of the taking of the property by Head and the other defendants, the judgment was an estoppel exactly as if the proceeding had been an ordinary civil suit against them.

[2] We are also of opinion that there was sufficient before the court to justify the instruction upon value. The affidavits stated that the cost price as of February 25, 1922, when the property was taken possession of by Head and other claimants, was $4,080.02. Petition in involuntary bankruptcy was filed in California on that date. It appeared, too, upon the motion for an order allowing the property to be turned over, that a bill of sale for the stock and fixtures was made about February 22, 1922, to Head, Garland, and Curtis; that Head took possession, and that about March 14, 1922, he made an inventory and delivered the bill of sale for the stock and fixtures to the Modern Cash Store, a corporation. The testimony showed that Head, Curtis, and Garland, defendants below, had subscribed to 99 of the 100 shares of stock of the Modern Cash Store, a corporation, at $50 par value per share, and that they had transferred to the corporation the property of which they had taken possession, in payment of their subscriptions to the 99 shares of stock.

[3] It is said that the trustee of a bankrupt corporation which has not conformed to the Oregon statute, section 6886, relative to a foreign corporation transacting business in Oregon, cannot maintain an action in that state. By section 6886 it is provided that a plea that a corporation has not paid the fee required by the state, and which is then due and payable, may be interposed before trial upon the merits, and if issue be joined upon such plea the same shall be first tried, and that such plea cannot be made at any time by the delinquent corporation. The statute, however, is not pertinent, for this is not an action by a foreign corporation to recover property withheld or taken from it, but is one instituted by a trustee in bankruptcy to recover the value of property converted by defendants from an ancillary receiver and the trustee in bankruptcy. The theory of the present action is that the property was always in constructive possession of the court, and that while in such constructive possession was unlawfully taken by the plaintiffs in error from the ancillary receiver and converted.

We find no error, and affirm the judgment.

ROSS, Circuit Judge (dissenting). I respectfully dissent. My views regarding the

main point involved in the case were expressed in the opinion of this court in the case of Cooney v. Collins et al., 176 F. 189, 99 C. C. A. 543, and in my dissenting opinions in the case of In re Eilers Music House (C. C. A.) 270 F. 915, 925, and in the case of the same title reported in (C. C. A.) 274 F. 330, 335; to which views I still adhere.