## In re FOREMAN.

### Petition of DUDLEY.

(Circuit Court of Appeals, Second Circuit. October 18, 1926.)

#### No. 20.

Bankruptcy ⟨⟩443.

Petition to revise an order extending bankrupt's time to apply for discharge *held* improperly prosecuted in attorney's own name on behalf of creditor, and for that reason dismissed.

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of the bankruptcy of Jules Foreman. Petition by Sol. S. Ostertag, Attorney, on behalf of Ida B. Dudley, a creditor, to revise an order of the District Court. Petition dismissed.

Said order extended the bankrupt's time to apply for a discharge, and was granted more than 12 months, but less than 18 months, after adjudication. Petition is by and in the name of a member of the bar, who describes himself as one of a firm of "attorneys for Ida B. Dudley, in whose behalf this petition is made."

Error is alleged in that, on the face of the papers, the bankrupt was not unavoidably prevented from applying for his discharge within 12 months from adjudication.

Kamen & Ostertag, of New York City, for petitioner.

Maurice V. Seligson, of New York City (Eugene L. Bondy, of New York City, of counsel), for bankrupt.

Before HOUGH, MANTON, and HAND, Circuit Judges.

PER CURIAM. This review is sought to ascertain whether the action of the court below in extending bankrupt's time was or was not within our ruling in Re MacLauchlan (C. C. A.) 9 F.(2d) 534. On that point we express no opinion, feeling obliged to dismiss the petition for technical reasons, something we are the less unwilling to do because it was admitted at bar (though not in the record) that the creditor, Dudley, is not aggrieved by the bankrupt's procuring a discharge, inasmuch as that creditor was so erroneously scheduled as to be unaffected by the bankruptcy.

We dismiss the petition, however, because it is taken by the attorney, and not the creditor. This is in violation of our intimations in Re Mitchell (C. C. A.) 278 F. 707, and Re MacLauchlan, supra; but the point has not before been insisted on by any party. Now it is pressed, and we must meet it.

The general rule is summarily stated in National, etc., Bank v. Lanahan, 60 Md. 477, at page 515: "An attorney has no right in his own name and on his own motion to appeal from an order or judgment of the court below affecting the interests of his client." He may not so appeal, even where the order affects costs or fees awardable to the client, but in which he has an interest. Matter of Blythe, 103 Cal. 350, 37 P. 392; Steger v.

Steger, 165 Ill. 579, 46 N. E. 888; Kuhn v. Downs, 156 Iowa, 247, 136 N. W. 199.

Petition dismissed. No costs.