## STANTON v. BUSCH.

### No. 6707.

Circuit Court of Appeals, Ninth Circuit.

June 24, 1932.

Courtney L. Moore, A. B. Kreft, and Torregano & Stark, all of San Francisco, Cal., for appellant.

Before SAWTELLE, Circuit Judge, and NETERER and ST. SURE, District Judges.

NETERER, District Judge.

From refusal to vacate an order "re-referring to * * * the Referee at San Diego with plenary powers to consider, hear, adjudicate and determine any and all issues in the matter of lien claimants as against the trustee in bankruptcy of the estate and to exercise to the fullest extent the powers of a referee in bankruptcy in ancillary proceedings and to appoint a receiver or custodian of the property involved in the ancillary proceedings in bankruptcy within the territorial jurisdiction of this court, and that the referee shall hear such matters upon giving the trustee in San Francisco, Northern District, at least five days' notice in writing of the hearing of such matter by the referee," the matter is here on appeal.

On April 15, 1931, at San Francisco, Northern district, pending an involuntary petition in bankruptcy to conserve, take, and support until a trustee is appointed, this re-

ceiver filed a petition in the Southern district praying that an order ancillary in aid of the plenary receiver and authority and power to examine witnesses by a referee in San Diego as special master, alleging that properties in the Southern district were incumbered, etc., in which the estate had substantial equity, and to require all lien claimants to file and compound the same, that the liens may be ascertained, and for authority that petitioner may offer the property for sale, etc.

An order was entered instituting the ancillary proceedings "in and of the bankrupt estate as receiver" appointed in the Northern district, and it is necessary in aid of the receiver's administration that the ancillary proceedings be instituted, and the matter was referred to the referee in bankruptcy as a special master with power of a referee in bankruptcy to examine witnesses and require claims to be filed to ascertain the extent thereof, and that the receiver file a report of his acts and doings and furnish a copy thereof to the receiver or trustee in bankruptcy when elected.

One Busch, in response to notice of the special master, filed a claim and proceedings were had thereon; the special master exercising full jurisdiction about as an equity receiver. This claim was settled by the parties, so the further history of that is unimportant to the determination of the issue now for decision.

The trustee in bankruptcy duly qualified August 3, 1931. After this date an order was entered in the ancillary receivership proceedings in the Southern district "in aid of the bankruptcy estate as receiver" in the Northern district of California, from which this appeal is prosecuted: "Ordered that the entire matter be re-referred to the Hon. J. A. Isaacson, Referee, San Diego, with plenary powers to consider, hear, adjudicate and determine any and all issues in the matter of lien claimants as against the Trustee in Bankruptcy of the estate, and to exercise generally and to the fullest extent the powers of a Referee in Bankruptcy in ancillary proceedings and to appoint a Receiver or custodian of the property involved in the ancillary proceedings in bankruptcy within the territorial jurisdiction of this court, and that the referee in Bankruptcy shall hear such matter upon giving to the Trustee in Bankruptcy or to his attorneys in San Francisco at least

five days' notice in writing of the hearing of such matters before such Referee."

A glance at section 11, title 11, USCA, makes it imperative that the order must be reversed. The court's jurisdiction and power is fixed and limited by this section to, "(3) appoint receivers, or the marshals, upon application of parties in interest, in case the court finds it *absolutely necessary*, for the preservation of estates, to take charge of the property of bankrupts after the filing of the petition and until it is dismissed *or the trustee is qualified*." (Italics supplied.)

Whether the petition and order appointing the ancillary receiver discloses jurisdictional facts to support the appointment is not for our determination. It is sufficient to say that upon "qualification of the trustee" (11 USCA § 11, supra) the receiver becomes functus officio, and the court had no power to make the order of reference, or any order other than to direct the ancillary receiver to file his account for acts done.

The court's jurisdiction was limited to appointment after first finding it *absolutely necessary* to conserve the estate, and the power of the receiver to hold the property was limited to the *qualification of the trustee*. The property came into custodia legis when the petition was filed, and the ancillary receiver was only the custodian to hold it until the trustee qualified. Cameron v. United States, 231 U. S. 710, 34 S. Ct. 244, 58 L. Ed. 448. Upon qualification of the trustee, the title vested in the trustee. Mueller v. Nugent, 184 U. S. 1, 14, 22 S. Ct. 269, 46 L. Ed. 405. This obtains whether the estate may be located within or without the district. Robertson v. Howard, 229 U. S. 254, 33 S. Ct. 854, 57 L. Ed. 1174. The jurisdiction of the bankrupt estate was and is exclusive in the court of the Northern district. Isaacs v. Hobbs Tie & T. Co., 282 U. S. 734, 736, 51 S. Ct. 270, 75 L. Ed. 645.

A bankruptcy receiver is purely statutory, and his power is limited by the statute. He has no power, nor can a court by order confer power, to adjudicate the right of lien claimants. Boonville Nat. Bank v. Blakey (C. C. A.) 107 F. 891. See, also, In re National Grain Corporation (C. C. A.) 299 F. 597.

The order is reversed, and the court directed to have the special master and referee make a report, and that he be discharged.