## In re LEPINE.
### No. 18393.
District Court, E. D. New York.

Oct. 25, 1933.

Nordlinger, Riegelman & Cooper, of New York City (H. H. Nordlinger and Jacob M. Dinkes, both of New York City, of counsel), for trustee and creditors.

Licht & Licht, of New York City (Benjamin H. Licht, of New York City, of counsel), for bankrupt.

GALSTON, District Judge.

The bankrupt was adjudged a bankrupt on January 7, 1930. He was denied a discharge by the referee on the ground that he failed to keep books of account or records from which his financial condition and business transactions might be ascertained. There was no finding that such failure or acts were justified in all the circumstances of the case.

The bankrupt owned all of the capital stock of the Wycombe Realty Company, Inc. That business was closed in 1927, and the personal indebtedness of the bankrupt arose under leases for premises occupied by the realty company. He seeks to explain his failure to keep books of account on the ground that he owned all of the capital stock of the real estate company, and that he had no other assets, and hence there was no need for him to keep books of account.

It seems to me that in all the circumstances of the case the bankrupt's contention is well founded. From the suspension of operations of the realty company and its ensuing bankruptcy, up to the time of the filing of the petition herein, a period of almost three years, there is no showing that the bankrupt was in any calling or occupation which required him to keep books. He was no longer in the real estate business. It appears that at times during those three years he worked as an upholsterer at a salary, and he neither sought nor obtained credit.

In this proceeding there are only two creditors; one, the Tishman Realty & Construction Company, Inc., the objecting creditor, and the other, a sister-in-law of the bankrupt, Minnie Patenande.

The rule of reason must prevail in measuring the requirement of the statute. Karger v. Sandler (C. C. A.) 62 F.(2d) 80, 81, holds no more.

I conclude that in all the circumstances of his occupation and activity during the three years preceding the filing of the petition herein, sufficient justification appears for his failure to keep books of account.

I am therefore unable to agree with the conclusion of the referee, and accordingly deny the motion for an order to confirm his report.