## In re COX BAKING CO., Inc.

## COOK v. DU PONT CELLOPHANE CO., Inc.
### No. 356.

Circuit Court of Appeals, Second Circuit.
May 6, 1935.

Louis H. Shereff, of New York City, for appellant.

Horace G. Pender, of Brooklyn, N. Y. (Julius Zizmor, of Brooklyn, N. Y., of counsel), for trustee in bankruptcy.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

On May 11, 1934, the Du Pont Cellophane Company, Inc., a creditor of the Cox Baking Company, Inc., began an action in the Supreme Court of New York against the latter to recover $4,384.66 for goods sold and delivered. As the Cox Baking Company, Inc., was a foreign corporation, the plaintiff obtained an attachment against its property, under which the sheriff attached its deposit in the Bank of the Manhattan

Company. On May 18, 1934, the Cox Baking Company, Inc., filed a voluntary petition in bankruptcy and was adjudicated a bankrupt the same day. Receivers in bankruptcy were thereafter appointed, who, on May 26, 1934, applied to the Supreme Court to vacate the warrant of attachment on the ground that the bankrupt was insolvent at the date when the attachment was levied. On June 6, 1934, after receiving affidavits on behalf of the receivers and the attaching creditor, the Supreme Court denied the application to vacate on the ground that the receivers had failed to prove insolvency at the time of the levy.

On July 12, 1934, the trustee in bankruptcy, who had been appointed in the meantime, moved in the District Court to vacate the attachment because the Cox Baking Company, Inc., was insolvent when it was granted. The motion was opposed by the creditor, Du Pont Cellophane Company, Inc., on the ground (a) that the decision of the state court that the Cox Baking Company, Inc., was not insolvent at the time when the attachment was granted was res judicata, (b) that the creditor was an adverse claimant, the rights of which to hold its attachment must be determined in a plenary suit and not by the referee in the exercise of summary jurisdiction.

The referee held (1) that the decision by the state court was not res judicata because it was not rendered on the merits, and (2) that testimony should be taken on the question of insolvency at the time of the attachment in order to determine whether the claim was so far merely colorable that summary jurisdiction could be exercised. A petition was filed by Du Pont Cellophane Company, Inc., to review the order of the referee, and the trustee made a cross motion to dismiss the petition on the ground that it was not properly signed or verified by an officer or managing agent of the claimant. By order of November 16, 1934, the District Court denied the petition of the claimant to review and "in all respects confirmed" the order of the referee, and by another order under the same date, the District Court (speaking by the same judge) granted the cross-motion of the trustee and dismissed the petition to review. From each of these orders the present appeal has been taken.

There was no merit in the cross-motion of the trustee to dismiss the petition on the ground that it was not properly signed or verified by an officer or managing agent of the claimant. It was signed in the name of the claimant by its attorney who swore that the reason why the verification was made by the attorney, and not by the petitioner, was because the petitioner was "a foreign corporation, there being no officer within the City and County of New York." The decision of In re Foreman, 15 F.(2d) 51, by this court, involved a petition to revise an order of the District Court made in the name of an attorney though stated to be on behalf of his client. It was so exceedingly technical that it hardly can commend itself, but, in any event, it differs from the present case where the petition is in the name of the client and merely signed by the attorney. When such is the case, we said in Re Mitchell, 278 F. 707, 708, that: "It would be a proper application of familiar local practice to allow the verification of a petition to revise by the attorney, he showing cause therefor in his affidavit; but there is no justification for the attorney himself and in his own name seeking review, and the reason for this is that he is not the party aggrieved." The reason given by the affiant for verifying the petition himself was the fact that the petitioner was a foreign corporation and the absence of any officer of the claimant from the jurisdiction. The petition to review had to be taken within ten days (General Order XXVII Local Rule No. 23 of U. S. District Court, Eastern District of New York), so that there was little time for preparing papers and sending them away for verification and return. We have no doubt that the petition to review was sufficient. In re Herzikopf (D. C.) 118 F. 101; In re Hunt (D. C.) 118 F. 282; Rogers v. De Soto Placer Min. Co. (C. C. A. 9) 136 F. 407; In re Goldberg (D. C.) 117 F. 692. Doubtless under a quite pardonable misapprehension of the scope of In re Foreman (C. C. A.) 15 F.(2d) 51, the petition to review was dismissed by the court below, but, as we have indicated, the petition was sufficient to entitle the creditor to a review and the order of dismissal must be reversed.

The order denying the petition to review and confirming the order of the referee was inconsistent with the order of dismissal, but, having cleared the way for consideration of the appeal from the order of affirmance by reversing the order of dismissal, we can deal with the question whether the order of affirmance was proper.

█ It seems clear that the decision of the New York Supreme Court denying the application of the receivers to vacate the attachment did not bind the trustee. The receivers had no title to the estate of the bankrupt and could not be authorized to attack any lien created by the attachment, or to cause the discharge of the bank account of the Cox Baking Company, Inc., therefrom. There are special circumstances where the bankruptcy court may order a receiver or marshal to take possession of visible property withheld by a third party under a purely colorable claim. Any proceeding thus taken by a receiver, in order to obtain possession of property, is not to determine title but only to preserve the status quo and to safeguard the estate against dissipation until the time when the trustee is elected and can assert his rights pursuant to section 70 (e) of the Bankruptcy Act (11 USCA § 110 (e). Bryan v. Bernheimer, 181 U. S. 188, 21 S. Ct. 557, 45 L. Ed. 814; Feibelman v. Packard, 109 U. S. 421, 3 S. Ct. 289, 27 L. Ed. 984; Sharpe v. Doyle, 102 U. S. 686, 26 L. Ed. 277; Cohen v. Hessel (C. C. A. 3) 278 F. 929; In re Dempster (C. C. A. 8) 172 F. 353; In re Rochford (C. C. A. 8) 124 F. 182; In re Haupt Bros. (D. C.) 153 F. 239.

█ The powers of a receiver are in general limited to preserving the property of the bankrupt for the trustee and do not extend to the rights of the latter to set aside preferential transfers, to avoid transactions which, but for the provisions of the Bankruptcy Act, could not be avoided, or otherwise to litigate questions of title. Boonville Nat. Bank v. Blakey (C. C. A. 7) 107 F. 891; In re Kolin (C. C. A. 7) 134 F. 557; Guaranty Title & Trust Co. v. Pearlman (D. C.) 144 F. 550; Frost v. Latham & Co. (C. C.) 181 F. 866; In re Marcuse & Co. (C. C. A. 7) 11 F.(2d) 513; In re Smith (D. C.) 32 F.(2d) 386; Meehan v. King (C. C. A. 1) 54 F.(2d) 761, 763; Stanton v. Busch (C. C. A. 9) 59 F.(2d) 668, 669.

Except in rare cases there can be nothing to justify a bankruptcy receiver in securing the aid of a court to take possession of property held under an adverse claim, even though the claim be somewhat frivolous. There is ordinarily, at least, ample protection in the injunctive powers of the court and the more orderly practice is to wait for the trustee to move. In the present case there was no immediate danger of the application of the bank deposit to the creditor's claim and the most that was needed was an order restraining the prosecution of the action in the state court pending the election of the trustee and the determination by the latter of what course to take. Such an order had apparently issued and the District Court had refused to vacate it on the application of Du Pont Cellophane Company, Inc.

In Rivoli Drug Co. v. Lynch (C. C. A. 9) 50 F.(2d) 536, we think the court went too far. Indeed, that decision is hardly to be reconciled with the later case of Stanton v. Busch, 59 F.(2d) 668, by the same court, which strangely made no mention of Rivoli Drug Co. v. Lynch.

We find nothing in the authorities which authorizes a receiver to sue to avoid a preference, or the levy of an attachment obtained "against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy" (Bankruptcy Act, § 67f, 11 USCA § 107 (f), and we decline to sanction such a procedure.

Under the circumstances in the present case there was not the slightest reason for the intervention of the receivers in the state court action. Only a trustee could move to discharge the bank account from the lien of the attachment (Bankruptcy Act, § 70e, 11 USCA § 110 (e) and the bankruptcy court was without power to authorize the receivers to take steps to that end.

█ The District Court properly held that the order of the state court denying the application to vacate the attachment was not res judicata. As a result of that conclusion it was fully justified in taking steps to determine whether the Cox Baking Company, Inc., was so plainly insolvent, when the attachment was levied, that the right of Du Pont Cellophane Company, Inc., to make the levy was only colorable. If so the bankruptcy court can dispose of the matter summarily, May v. Henderson, 268 U. S. 111, 45 S. Ct. 456, 69 L. Ed. 870; Bryan v. Bernheimer, 181 U. S. 188, 21 S. Ct. 557, 45 L. Ed. 814, because the bank account would in that event be in the constructive possession of that court. In re Diamond's Estate (C. C. A. 6) 259 F. 70. The decision in Taubel, etc., Co. v. Fox, 264 U. S. 426, 44 S. Ct. 396, 68 L. Ed. 770, against the exercise of summary jurisdiction turned on the fact that

the claim of the creditor was found to be not colorable but substantially supported.

The order dismissing the petition to review the order of the referee is reversed, and the order denying such petition and affirming the referee is affirmed.