## In re KRESEVICH.

District Court, S. D. New York.

April 13, 1943.

Charles T. Rudershausen, of New York City, for bankrupt.

Morris M. Bornfreund, of New York City, trustee.

HULBERT, District Judge.

The bankrupt petitions to review an order of a Referee in Bankruptcy denying him a discharge.

Only one specification of objection, filed by the Trustee, is involved, to-wit, an amended specification, which reads as follows: "Third: For the reason that *with intent to conceal* his true financial condition, he has failed to keep books of account or records, from which such financial condition might be ascertained." (Italics mine)

A voluntary petition, with schedules, was filed on October 20, 1942; under the statement of affairs, the bankrupt described himself as a jobber of bakery products.

In 1937, and for some years prior thereto, the bankrupt was the owner of a manufacturing bakery producing biscuits and cookies.

Following a levy by a City Marshal upon a judgment recovered by the bankrupt's brother in law for money loaned, an employee of the bankrupt became the owner of the business, which was subsequently acquired by the bankrupt's wife and another.

Since 1938 the bankrupt has been engaged in the purchase and peddling of bakery products, principally in Connecticut and Massachusetts. He purchased his merchandise from the enterprise in which his wife is one of the owners, and from another bakery, and made his sales and deliveries with a truck owned by his wife and her partner, which he rented on a monthly basis and bore the expense of operating the automobile, including gasoline, insurance and repairs.

His gross receipts have averaged $1,050 per month, or $12,600 per annum, upon which he claims to have made a profit of 10%. He has kept no books or records since 1938, and his failure to do so, the Referee held, "cannot be justified."

The contention of the bankrupt is that since 1937 he has not been engaged in such an undertaking that he had any duty to keep books and, in any event, the charge which he was called upon to meet was that such failure was "with intent to conceal his true financial condition" and did not warrant the disposition by the Referee without a finding of such intent.

The proceedings before the Referee on the application for a discharge were very brief. The Trustee offered in evidence the recorded testimony of the bankrupt taken at examinations held on April 9, June 11 and July 9, 1942, the Statement of Affairs and Schedules. The bankrupt offered no proof and the Referee dictated his findings and decision upon the record at the conclusion of oral argument by counsel for the respective parties.

It is now asserted by counsel for the bankrupt that he was not permitted to participate and cross examine on the taking of the testimony received in evidence; that he was misled by the nature of the specification, and would have offered further proof had he known the Referee would ignore the specific charge of "intent to conceal".

I find no substantial merit in this contention.

■ In the case of White v. Schoenfeld, 2 Cir., 117 F.2d 131, 132, relied upon by the bankrupt's counsel as indicating "What will justify that failure" (to keep books), the court said: "* * * the law demands as the condition of a discharge either that the bankrupt shall produce such records as are customarily kept by a person doing the same kind of business, or that he shall satisfy the bankruptcy court with adequate reasons why he was not in duty bound to keep them."

■ The most that the bankrupt could expect, by a reference back to the Referee to take further proof and report, would be an inquiry as to what books or records other persons, doing the same kind of business, kept. It cannot be presumed that a person of the long and varied experience which the Referee in this case has had, ignored such circumstance; in fact, the contrary is a reasonable presumption.

■ Until 1937, the bankrupt claims, and it is not controverted, that he kept adequate books of account and therefore knew his duty in respect to the business in which he was then engaged.

The determination of the Referee was that the bankrupt did not discharge his burden to satisfy him there were adequate reasons for not so doing in connection with the business carried on by him since 1938.

Any person conducting a gross business of upward of $12,000 per annum should keep some record of his purchases, sales and expenses.

In the only other case cited by the bankrupt's counsel, In re Lepine, D.C., 4 F. Supp. 808, affirmed 2 Cir., 70 F.2d 1017, the facts are hardly analogous. Lepine owned all of the shares of the capital stock of a realty corporation which ceased business in 1927. His personal indebtedness arose under leases for premises occupied by that corporation. From the period of suspension, nearly three years, the bankrupt was no longer in the real estate business but worked, at times, as an upholsterer on a salary. The court held it was unnecessary for him to keep books during that period.

The petition must be denied and the order of the Referee affirmed. Submit order.