## In re GOLDEN.

United States District Court, S. D. New York.
Nov. 24, 1952.

Sale & Sale, New York City, for bankrupt.

Bernard I. Strauss, New York City, for objecting creditor, Gertrude Roebuck.

IRVING R. KAUFMAN, District Judge.

■ The bankrupt petitions to review an order of the Referee denying his discharge. Three objections were urged against the discharge, two of which were sustained by the Referee. The Referee found that the bankrupt had violated Section 14, sub. c(2) of the Bankruptcy Act, 11 U.S.C.A. § 32, sub. c(2), in two respects; he had failed to keep books of account or records sufficient to disclose his business transactions and financial condition and he had failed to preserve such books or records. The record in this case amply justifies the Referee's findings for refusing discharge.

On several occasions the bankrupt had denied before the Referee that he had any records of any nature or description. At a subsequent occasion, after objectant had introduced the transcript of bank accounts of the bankrupt, the bankrupt came forward with vouchers and checkbooks on some accounts. Whatever records were

produced by the bankrupt referred only to the accounts on which the objectant already had transcripts. The vouchers revealed that more than 90% of the checks were made payable to cash and approximately 90% of the deposits were in cash. No records of any kind were produced to supplement or explain these deposits or withdrawals.

The record indicates that the bankrupt transacted his business from premises which he rented, maintained a business telephone of his own, carried five bank accounts and in one eight-month period made a total of 118 separate deposits in excess of $20,000.

I agree with the Referee that it would be impossible to ascertain the financial condition and business transactions of the bankrupt from the checkbooks and vouchers, which were reluctantly produced. From these records one could not determine the solvency or insolvency of the bankrupt. Without the production of the records which explain the deposits and withdrawals, one could not determine the nature of preferential payments. International Shoe Co. v. Lewine, 5 Cir., 1934, 68 F.2d 517, 518; Nix v. Sternberg, 8 Cir., 1930, 38 F.2d 611; Karger v. Sandler, 2 Cir., 1932, 62 F.2d 80.

Judge Galston in In re Lepine, D.C.E. D.N.Y., 1933, 4 F.Supp. 808, affirmed 2 Cir., 1934, 70 F.2d 1017, pointed out "The rule of reason must prevail in measuring the requirement of the statute." The cases cited by the bankrupt are inapposite. The application of the rule of reason in this case leads to the inescapable conclusion that over a concentrated period of eight months a very active business was being conducted by the bankrupt and many deposits and withdrawals were being made in five different bank accounts. I am compelled to agree that the financial condition and business transactions of the bankrupt cannot be ascertained by the belated and reluctant production of mere checkbooks and vouchers. Indeed, it appears that no records of any kind were produced with reference to one other bank account.

The bankrupt testified extensively before the Referee. He had the opportunity of observing the witness. He evaluated the bankrupt's testimony in the light of his demeanor on the stand. Great weight must be given by the reviewing judge to the Referee's findings based in the main upon oral testimony. In re Gurinsky, D.C.S.D.N.Y.1951, 105 F.Supp. 42, affirmed 2 Cir., 1952, 196 F.2d 296.

I conclude that the Referee's order denying discharge was proper. The errors assigned in the petition for review are without merit. Settle order.