**Matter of CALIFORNIA LUMBER CORPORATION, Bankrupt.**

**No. 95717.**

United States District Court
S. D. California,
Central Division.
July 31, 1959.

Herbert Gall, Los Angeles, Cal., petitioner on review, in pro. per.

Brown & Brown, Los Angeles, Cal., and Shutan & Feinerman, Beverly Hills, Cal., for respondent, Irving Sulmeyer.

BYRNE, District Judge.

On March 27, 1959, the Referee made and entered an order adjudging the corporation bankrupt and appointing Irving

Sulmeyer trustee of the bankrupt estate.

The bankrupt had been engaged in the operation of a retail lumber yard at 915 Olympic Boulevard in Montebello, California, which premises the bankrupt then held under a lease in which Frances Kurtz Lundberg, formerly Frances Kurtz Antonides, W. C. Kurtz, Jr., and James Biggs Kurtz were the lessors. Herbert Gall, the petitioner on review, is the attorney for the lessors. The physical assets of the bankrupt corporation located on the leased premises consisted of machinery, equipment, motor vehicles and lumber.

On April 10, 1959, respondent trustee filed a petition for a restraining order and the Referee, without notice, issued an order restraining the lessors and their attorney (petitioner on review) from instituting any legal proceedings against the trustee without order of the Court, from interfering with the peaceful possession of the leased premises, and from taking any further action against the bankrupt corporation, the leased premises or the trustee. The order did not include a provision for its expiration.

■■ Though not a part of the record in the proceeding before the Referee, the parties have advised this reviewing Court that the leased premises were surrendered to the lessors on May 1, 1959. This perhaps accounts for the fact that the lessors do not seek a review of the Referee's order, but strangely, their attorney was personally named in the order and it is he who is aggrieved and seeks review in his own name. This is the only basis upon which the petitioner could have any standing in this proceeding, as an attorney cannot, in his own name, assert rights that belong to his client. In re Foreman, 2 Cir., 15 F.2d 51, In re Cox Baking Co., 2 Cir., 77 F.2d 294.

The crucial question presented by this review is whether the Referee, in issuing a restraining order, is limited by the procedural requirements of Rule 65(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

The power of a Referee to grant injunctive relief in bankruptcy proceedings is well established. Section 2, sub. a(15) of the Bankruptcy Act gives to the "courts of bankruptcy" the authority to,

"Make such orders, issue such process, and enter such judgments in addition to those specifically provided for as may be necessary for the enforcement of the provisions of this Act: *provided, however*, That an injunction to restrain a court may be issued by the judge only."

■ The drastic remedy of injunctive relief should issue only in extraordinary circumstances where the court is satisfied that a right is about to be destroyed or irreparably injured by an illegal act. Rule 65 was adopted to guard against abuse of the remedy. The rules provide (Rule 81(a)) that "These rules * * * do not apply to proceedings in bankruptcy * * * except insofar as they may be made applicable thereto by rules promulgated by the Supreme Court of the United States." This leads us to General Order 37, 11 U.S.C.A. following section 53, promulgated by the Supreme Court and reading, in pertinent part, as follows: "In proceedings under the Act the Rules of Civil Procedure for the District Courts of the United States shall, insofar as they are not inconsistent with the Act or with these general orders, be followed as nearly as may be."

In the absence of inconsistencies referred to in General Order 37, the bankruptcy courts are under a mandate of the Supreme Court to apply the Rules of Civil Procedure. This is particularly true when considering such an extraordinary remedy as injunctive relief which, under traditional equity principles, issues only after searching inquiry and a clear showing of irreparable injury for which there is no other adequate remedy.

■ Rule 65(b) provides that every temporary restraining order issued with-

out notice "shall expire by its terms within such time after entry, not to exceed 10 days, as the court fixes * * *". Since the order with which we are here concerned did not by its terms fix an expiration date, it expired after ten days. See Benitez v. Anciani, 1 Cir., 127 F.2d 121. Since the order has become moot the review is dismissed.