BARNS, PAUL D., Associate Judge.
The appellant-plaintiff, a purchaser of the chose-in-action sued on from the trustee in bankruptcy, brought suit in assumpsit against the appellee-debtor-defendant on the chose-in-action of the bankrupt, Transcontinental Industries, Inc.; the chose-inaction was purchased from the Trustee in Bankruptcy, J. Sam Plowden, as owner of the account Transcontinental, Inc., as Trustee in Bankruptcy, in the United States District Court, Northern District of Georgia, Atlanta Division.
The purchaser of the account brought suit against the debtor and the lower court sustained the defendant’s motion to dismiss the action because the bankrupt was a foreign corporation, and the accounts receivable sued on was the result of it doing business in Florida, without qualifying to do business in this state as required by Chapter 613, F.S.1967, F.S.A. From a judgment of dismissal for such failure, the plaintiff appealed. We reverse.
Section 613.04, F.S.1967, F.S.A., provides :
“613.04 Cannot maintain action until provisions complied with. — The failure of any such foreign corporation to comply with the provisions of this chapter shall not affect the validity of any contract with such foreign corporation, but no action shall be maintained or recovery had in any of the courts of this state by any such corporation, or its successors or assigns, so long as such foreign corporation fails to comply with the provisions of this chapter.”
The purpose and intent of the statute is penal in nature directed against foreign corporations doing business in this state without complying with the state law and the clause “or its successors or assigns” was to prevent an evasion of the statute by subterfuge, but such statute has no application to trustees in bankruptcy under the federal law. A trustee in bankruptcy under federal law acquires title to the bankrupt’s *30 estate by operation of law and the language of the state statute “or its successors or assigns” is not comprehensive of trustees in bankruptcy in the federal system or vendees claiming title through such a trustee. Cf. Head v. Brainard, 9 Cir. 1925, 5 F.2d 289.
The judgment appealed from is
Reversed.
CROSS and McCAIN, JJ., concur.